UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIE ROSS,

    Petitioner,

        v.                        CAUSE NO. 3:22-CV-1049-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Willie Ross, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-22-3-399) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellphone in violation of Indiana Department of Correction Offense 121. Following a hearing, he was sanctioned with a loss of sixty days earned credit time. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Ross argues that he is entitled to habeas relief because he received inadequate notice of the charges. He contends that the conduct report was inadequate because it did not mention two correctional officers who were involved in the underlying incident. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974).

"The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003).

The conduct report states:

> On 3/27/22 at approx. 4:30 am. I, Officer Cara Barnett, was conducting the 5:00am count on R3 where I witnessed Offender Ross, Willie #204211 R3-W1-36L laying in bed with a black Samsung smart phone in his possession. I confiscated the cellular device from the offender with no further incident.

ECF 1-1 at 1. It further states that Ross was charged with possessing a cellphone in violation of Offense 121. The allegations in the conduct report described Ross' act of misconduct and provided the time, date, location, and context in which Officer Barnett discovered it. These allegations were sufficient to inform of the factual basis of the possession of a cellphone charge.

Further, Ross does not explain how the omission of other correctional staff involved impeded his ability to prepare a defense. He asserts that they "played very important roles in this case" but does not elaborate on their identities, their roles, or how their testimony would have affected the outcome of the disciplinary hearing. Moreover, the administrative record reflects that he had the opportunity to call witnesses and request evidence at screening and that he personally interacted with some or all of the correctional officers involved, so it is unclear why Ross could not have obtained such information by requesting it at screening. Consequently, this claim is not a basis for habeas relief.

Ross also argues that he is entitled to habeas relief because he was not permitted to present evidence at the hearing and because, though he was present at the hearing on

2

April 20, 2022, it was continued and was later completed in his absence. Notably, the administrative appeal submitted by Ross does not include these claims. ECF 1-1 at 4-6. Generally, State prisoners must exhaust available State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2254(b). However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Because Ross did not pursue these claims on administrative appeal, he has failed to exhaust his remedies with respect to these claims. Therefore, the court cannot grant habeas relief on these claims.

If Ross wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Willie Ross leave to proceed in forma pauperis on appeal.

SO ORDERED on January 5, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

3